IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THERESA D. STAFFORD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-17-1776 |
| SERGEANT JEFFREY SMITH, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Theresa D. Stafford ("Plaintiff" or "Stafford") has filed this four-count complaint against Defendants Sergeant Jeffrey Smith ("Sgt. Smith") and Patrol Officer Joshua Guiles ("Officer Guiles"), individually and in their official capacity, and the City of Cambridge, Maryland ("Cambridge") (collectively, "Defendants"). She alleges violations of her Fourth Amendment rights pursuant to 42 U.S.C. § 1983 against Sgt. Smith and Officer Guiles in their individual capacities (Count I) and against them in their official capacities and the City of Cambridge pursuant to *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978) (Count II). In addition, she claims battery against Officer Guiles (Count III), and false imprisonment and false arrest against Sgt. Smith and Officer Guiles (Count IV). (Compl., ECF No. 1.) Currently pending are Defendants Sgt. Smith and Cambridge's Motion to Dismiss (ECF No. 8) and Defendant Guiles' Motion to Dismiss (ECF No. 11) Counts I and II of the Complaint. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendants Sgt.

1

Smith and Cambridge's Motion to Dismiss (ECF No. 8) and Defendant Officer Guiles' Motion to Dismiss (ECF No. 11) Counts I and II of the Complaint are DENIED.

## BACKGROUND

This Court accepts as true the facts alleged in Plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F. 3d 388, 390 (4th Cir. 2011). Dr. Theresa D. Stafford is an African-American female, a retired supervisor from the Maryland public school system, and is retired after twenty years service with the Maryland National Guard. (ECF No. 1 at ¶ 4.) Soon after midnight on April 1, 2017, she drove to the Cambridge Walmart where her nephew was being held by Cambridge Police. (*Id.* at ¶ 9.) When Stafford arrived, she was met by Officer Guiles and Sgt. Smith. (*Id.* at ¶¶ 10, 16.) Both officers were wearing body cameras. (*Id.*) Officer Guiles told Stafford that her nephew was being detained. (*Id.* at ¶ 11.) In fact, he was handcuffed in the back of a police car. (*Id.* at ¶ 11.) When Stafford asked why, if her nephew was only being detained, he was handcuffed in the back of a police car, Officer Guiles became agitated and yelled, "You want to talk Maryland law?" (*Id.* at ¶12.)

Stafford then turned to talk to her niece who was also present. (*Id.* at ¶ 13.) As she turned, she was allegedly struck by Officer Guiles in the back. (*Id.*) Stafford responded by attempting to call the Cambridge Police Department, but Sgt. Smith "accosted [Stafford], used his own cell phone radio to intercept the call, and instructed the dispatcher not to send anyone to the scene because he was already there." (*Id.* at ¶ 15.) Sgt. Smith then asked Officer Guiles if Stafford was interfering with the investigation of her nephew. (*Id.* at ¶ 18.) When Officer Guiles responded in the affirmative, Sgt. Smith instructed Officer Guiles to arrest Stafford. (*Id.*) Officer Guiles then ordered Stafford to put her hands behind her back,

handcuffed her, and placed her in a police car. (*Id.* at ¶ 20.) Another officer, Private First Class Officer Beans ("Officer Beans"), who is "multi-racial," was in the front seat. (*Id.* at ¶ 21.) Stafford then asked Officer Guiles to loosen her handcuffs. (*Id.* at ¶ 23.) In response, Officer Guiles tightened them further. (*Id.* at ¶¶ 22-23.) When Stafford complained again, Officer Guiles allegedly struck Stafford in the back for a second time before slamming the car door. (*Id.* at ¶ 24.) Finally, after Officer Beans spoke with Officer Guiles, Officer Guiles returned and loosened the handcuffs. (*Id.* at ¶ 25.)

Officer Beans took Stafford to the Cambridge Police Department. (*Id.* at ¶ 26.) At the station, Stafford remained handcuffed to a railing. (*Id.* at ¶ 27.) Stafford claims that she heard Sgt. Smith and Officer Guiles discuss charging her with resisting arrest. (*Id.* at ¶ 30.) Officer Beans, however, stepped in and stated that he saw Stafford do everything she was asked. (*Id.*) Officer Guiles and Sgt. Smith ultimately charged Stafford with obstruction and hindering and disorderly conduct in violation of Maryland law. (*Id.* at ¶ 34.) However, the State's Attorney for Dorchester County subsequently dismissed all charges. (*Id.* at ¶ 38.) Stafford then filed the instant four-count complaint against Sgt. Smith and Officer Guiles in their individual and official capacities and against the City of Cambridge. Defendants moved to dismiss Counts I and II of the Complaint.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R.

Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To satisfy Rule 8(a)(2), a complaint need not include "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a plaintiff must plead more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555. A complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirecTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir.), *cert. denied*, 565 U.S. 943 (2011); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 991 (2010). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

4

## ANALYSIS

### I. Individual Capacity Claims

Stafford asserts a claim against Officer Guiles and Sgt. Smith in their individual capacities, alleging they violated her Fourth Amendment rights pursuant to 42 U.S.C. § 1983. The Fourth Amendment of the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Stafford alleges that Sgt. Smith and Officer Guiles violated her clearly established Fourth Amendment rights by arresting and detaining her without probable cause and by using excessive and unreasonable force. (ECF No. 1 at ¶¶ 53-56.)

Defendants' Motions to Dismiss the "deficient due process claim" focus, however, not on Stafford's Fourth Amendment claims but rather her references to not receiving *Miranda* warnings, damage to her reputation, and denial of medical care. In Plaintiff's Opposition to the Motions to Dismiss, Stafford clarifies that that she is not bringing a claim under the Due Process Clause or Eighth Amendment. Rather, the allegations Defendants reference were to "further evidence . . . Defendants' wanton disregard of her constitutional rights." (ECF No. 12-1 at 12.) Accordingly, Stafford has sufficiently alleged that both Officer Guiles and Sgt. Smith violated her Fourth Amendment rights and Defendants' Motions to Dismiss Count I are denied.

### II. Official Capacity Claims

In Count II, Stafford asserts a claim against Cambridge and Officer Guiles and Sgt. Smith in their official capacities, alleging violations her Fourth Amendment rights pursuant to 42 U.S.C. § 1983. As a preliminary matter, all parties agree that the official capacity claims

against the officers are equivalent to claims against Cambridge itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Huggins v. Prince George's County*, 683 F.3d 525, 532 n.3 (4th Cir. 2012) (explaining that "we treat the County and the Officials sued in their official capacities as the County"). Therefore, Stafford's suit against Officer Guiles and Sgt. Smith in their official capacities is equivalent to an action against the City of Cambridge.

Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), a § 1983 cause of action may lie against a local government or municipality when execution of the government's unconstitutional policy or custom causes a plaintiff injury. *See also Walker v. Prince George's Co.*, 575 F.3d 426, 431 (4th Cir. 2009) (stating that the liability of the municipality only arises where the employees' unconstitutional actions are taken in furtherance of a municipal policy or custom). In order to support a *Monell* claim, "(1) the municipality must have actual or constructive knowledge of the custom and usage by its responsible policymakers, and (2) there must be a failure by those policymakers, as a matter of specific intent or deliberate indifference, to correct or terminate the improper custom and usage." *Randall v. Prince George's County*, 302 F.3d 188, 210 (4th Cir. 2002) (internal quotation marks omitted). "The policy or custom may be [1] 'an express policy, such as a written ordinance or regulation'; [2] a decision by 'a person with final policymaking authority;' [3] 'an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens;' or [4] 'a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.'" *Lyles v. Prawdzik*, No. PWG-15-1056, 2016 WL 3418847, at *4 (D. Md. June 22, 2016) (quoting *Lytle v. Doyle*, 326 F. 3d 463, 471 (4th Cir. 2003)).

Stafford's *Monell* claim is that "Defendants had an unconstitutional policy or custom of excessive force, particularly toward African Americans, and that unconstitutional policy caused SGT Smith and PTL Guiles to violate Dr. Stafford's constitutional rights." (ECF No. 1 at ¶ 58.) To support this claim, Stafford alleges that:

> SGT Smith has been the subject of prior complaints about his racially-hostile and insensitive interactions with African-American females, including one with an African American Cambridge City Council Member. Yet, the Cambridge Police Department has allowed SGT Smith to continue in authority, implementing race-based practices and patterns of conduct.

(ECF No. 1 at ¶ 43.) The Complaint then states that "Guiles' egregious misconduct, in full view of his supervisor, SGT Smith, and with SGT Smith's evidence approbation and encouragement, manifestly reflected the practice and policies of the Cambridge Police Department in its interactions with African Americans." (*Id.* at ¶ 44.) In addition, Stafford claims that the officers taking such actions while on camera shows that they "knew [their actions] were in accordance with the Cambridge Police Department's policy or custom on treatment of African Americans in these circumstances." (*Id.* at ¶ 59.)

At this stage in the proceedings, Stafford has pled a valid *Monell* claim against the City of Cambridge. Stafford alleges that Cambridge was aware that Sgt. Smith and Officer Guiles were committing unconstitutional actions "that they knew were in accordance with the Cambridge Police Department's policy or custom on treatment of African Americans," and yet the City of Cambridge ignored such actions (ECF No. 1 at ¶ 59.) Specifically, Stafford alleges that despite Sgt. Smith being "the subject of prior complaints about his racially-hostile and insensitive interactions with African-American females, including one with an African American Cambridge City Council Member," Cambridge has allowed Sgt. Smith to

7

stay in a position of authority and implement race-based practices and patterns of conduct. (*Id.* at ¶ 43.) The factual allegations in the Complaint therefore "raise a right to relief above the speculative level" and survive a motion to dismiss under *Twombly* and *Iqbal. Twombly*, 550 U.S. at 555. Accordingly, Defendants' Motions to Dismiss Count II of the Complaint are denied, and Defendants Sgt. Smith and Cambridge's Motion to Dismiss (ECF No. 8) and Defendant Guiles' Motion to Dismiss (ECF No. 11) Counts I and II of the Complaint are DENIED.[1]

## CONCLUSION

For the reasons that follow, Defendants Sgt. Smith and Cambridge's Motion to Dismiss (ECF No. 8) and Defendant Officer Guiles' Motion to Dismiss (ECF No. 11) Counts I and II of the Complaint are DENIED.

A separate Order follows.

Dated: October 19, 2017

Richard D. Bennett
United States District Judge

---

[1] The viability of Stafford's *Monell* claim, however, depends upon whether Sgt. Smith or Officer Guiles violated Stafford's Fourth Amendment rights (Count I). Federal Rule of Civil Procedure 42(b), which governs bifurcation, provides that a court may order a separate trial of one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). This Court has consistently held that in the context of § 1983 claims, bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often desirable. *See, e.g., Brown v. Tshamba*, 2012 WL 1657157, Civ. A. No. RDB-11-0609 (D. Md. May 9, 2012); *James v. Frederick County Pub. Schs.*, 441 F. Supp. 2d 755, 762 (D. Md. 2006); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319-20 (D. Md. 1991). This Court will subsequently address the issue of bifurcation in this case.